UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 16, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – ORDER TO SHOW CAUSE

In the Complaint, Plaintiff Scott Meide ("Plaintiff") alleges that he invested in the production of the animated film "Legends of Oz: Dorothy's Return." Defendants Ryan and Roland Carroll, Summertime Entertainment, and Greg Centineo (collectively "Producers") created and sold membership interests in two limited liability companies—Dorothy of Oz, LLC and Emerald City of Oz, LLC—to finance the Film. (Compl. at ¶¶4, 8, 86, 119.) Plaintiff invested in the film in March and September 2012 based on false representations from the Producers and their associates. (Id. at ¶¶1-5, 10, 26-28, 61, 62, 70, 96-107, 118.) Plaintiff also made investments in 2013, 2014, and 2016. (Id. at ¶¶102-107.) ) According to Plaintiff, the Producers allowed the film to fail and pocketed the excess investor funds, leaving Plaintiff and other investors with nothing. (Id. at ¶¶26, 28, 51, 66(g), 69, 92(a)-(b), 93, 147.)

Plaintiff now raises a securities fraud claim, against all named defendants, pursuant to Section 10(b) of the Securities Exchange Act of 1934. The statute of limitations for a Section 10(b) claim is "(1) 2 years after the discovery of the facts constituting the violation; or (1) 5 years after such violation." 28 U.S.C. §1658(b). "The two-year statute of limitations is not subject to equitable tolling." In re Juniper Networks, Inc. Sec. Litig., 542 F. Supp. 2d 1037, 1050 (N.D. Cal. 2008) (citing Durning v. Citibank, Int'l, 990 F.2d 1133, 1136-37 (9th Cir. 1993)). And "[t]he five-year outer limitations . . . serves as a statute of repose." Id. (citing Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991)). The five-year limitation acts as "a fixed, statutory cut off date, usually independent of any variable, such as claimant's awareness of a violation." Id. at n.4 (quoting Munoz v. Ashcroft, 339 F.3d 950, 957 (9th Cir. 2003)). "[A] statute of limitations [for a Section 10(b) claim] ordinarily begins to run when an act occurs that creates liability." Asdar Group v. Pillsbury, Madison, and Sutro, 99 F.3d 289, 295 (9th Cir. 1996). "Accordingly, the statute of limitations accrues as of when the violation itself occurs, not when the last violation in a series of alleged violations occur." In re Zoran Corp. Derivative Litig., 511 F. Supp. 2d 986, 1014 (N.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 16, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

    The Court hereby orders Plaintiff Scott Meide to show cause in writing why his securities fraud claim against all named defendants is not time-barred under the statute of limitations governing Section 10(b) claims. **Plaintiff's response to this Order to Show Cause shall be filed no later than October 30, 2019.** Failure to adequately respond to this Order to Show Cause by October 30, 2019, may result in the dismissal of Plaintiff Scott Meide's claims without further warning.

    Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within seven (7) court days of the date of this Order, or at the time of service for any defendant that has not already been served.

    IT IS SO ORDERED.