UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 31, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER

On October 16, 2019, the Court issued an Order to Show Cause requiring plaintiff Scott Meide ("Plaintiff") to show in writing why his securities fraud claim against all 61 named defendants (collectively "Defendants") should not be dismissed as time-barred under the statute of limitations governing Section 10(b) claims. (Docket No. 95.) The Court warned that "[f]ailure to adequately respond to this Order to Show Cause by October 30, 2019, may result in the dismissal of Plaintiff Scott Meide's claims without further warning." (Id. at 2.) Plaintiff filed a Response on October 23, 2019. (Docket No. 109.) Plaintiff's Response presents no new facts regarding his investments in the film "Legends of Oz: Dorothy's Return," nor does it present any arguments as to why Defendants should be treated differently regarding liability for the securities fraud claim.

The Court finds that Plaintiff's Response is insufficient to discharge the Order to Show Cause. For the reasons discussed below, the Court dismisses with prejudice Plaintiff's securities fraud claim for his 2012-2014 investments as time-barred under the statute of limitations. The Court also dismisses with leave to amend Plaintiff's securities fraud claim for his 2016 investment.

**I.     Background**

Plaintiff's Complaint alleges that he invested in the production of the animated film "Legends of Oz: Dorothy's Return" ("Film"). Defendants Ryan and Roland Carroll, Summertime Entertainment, and Greg Centineo (collectively "Producers") created and sold membership interests in two limited liability companies—Dorothy of Oz, LLC and Emerald City of Oz, LLC—to finance the Film. (Compl. at ¶¶8, 86, 119.) Plaintiff alleges the Producers allowed the Film to fail and pocketed the excess investor funds, leaving him with nothing. (Id. at ¶¶26, 28, 51, 66(g), 69, 92(a)-(b), 93, 147.)

According to Plaintiff, he invested in the Film seven times: (1) $900,000 on March 7, 2012, (2) $500,000 on September 19, 2012, (3) $250,000 on February 25, 2013, (4) $50,000 on March 5, 2013, (5) $1,000,000 on February 19, 2014, (6) $36,000 on March 7, 2014, and (7) $250,000 on April 23, 2014.

(Id. at ¶¶97, 99, 102-106.) When Plaintiff made these investments, he relied on representations from Producers and other Defendants that the Film would be successful and a worthwhile investment. (Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 31, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

¶¶96-101.)  For example, on February 13, 2012, John King stated on a conference call that "[i]nvestors would be paid first, get their investment back, plus 20% before the studios get paid."  (Id. at ¶97(a).)  Plaintiff was then told the next day that "120% is paid to investors first."  (Id. at ¶98(d).)  In addition, Defendants told Plaintiff on April 11, 2012 that the "[f]ranchise is in tremendous shape . . . [and] Greg Centineo said that Will Finn (from Disney) said quality of film is as good as Disney, Dream Works or Pixar could put out."  (Id. at ¶101(a), (b).)  Defendant Ryan Carroll also said he had no concerns with distribution of the Film.  (Id. at ¶101(h).)  Notably, Plaintiff does not identify any specific statements made by any of the named Defendants that he relied on to make his 2013 and 2014 investments.

The Film was released on May 9, 2014.  (Id. at 129.)  It earned $18,662,027 worldwide—despite an estimated production cost of $24,000,000—and received substandard ratings and reviews from critics.  (Id. at ¶¶4, 74, and p.129.)  Over two years later, on July 25, 2016, Plaintiff made an eighth investment of $500 "to Oz Strategies towards a fund to try to take control of the two LLCs."  (Id. at ¶107.)  Plaintiff does not identify any specific statements made by any of the named Defendants that he relied on to make his 2016 investment.

Plaintiff filed a Complaint in this Court on August 16, 2019.  He alleges the following claims against all named Defendants: (1) securities fraud under §10(b) of the Securities Exchange Act of 1934, (2) breach of good faith and fair dealing, (3) breach of fiduciary duty, (4) fraud, (5) promissory fraud, (6) unjust enrichment, (7) conversion, and (8) civil conspiracy.  Plaintiff alleges that he has not received any return on his investments.  Defendants have filed several motions to dismiss, alleging that Plaintiff has failed to state claims upon which relief may be granted.  (See Docket Nos. 11, 12, 13, 38, 45, 64, 65, 70, 101, 104, 107, 112, 113, 116.)  Several of these motions to dismiss also argue that Plaintiff's securities fraud claim is time-barred under the statute of limitations.

    **II.**    **Legal Standard**

The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "Rule 9(b) requires particularity as to the circumstances of the fraud—this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading."  In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547 at n.7 (9th Cir. 1994) (emphasis added).  "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 31, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

    In order to state a valid claim under Section 10(b) of the Securities Exchange Act of 1934, a plaintiff must allege "(1) a material misrepresentation (or omission), . . . (2) scienter, i.e., a wrongful state of mind, . . . (3) a connection with the purchase or sale of a security, . . . (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as 'transaction causation,' . . . (5) economic loss, . . . and (6) 'loss causation,' i.e., a causal connection between the material misrepresentation and the loss." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341 (2005) (citations omitted). Importantly, "[a] plaintiff cannot recover without proving that a defendant made a material misstatement with an intent to deceive—not merely innocently or negligently." Merck & Co. v. Reynolds, 559 U.S. 633, 649 (2010) (emphasis added). "Indeed, Congress has enacted special heightened pleading requirements for the scienter element of § 10(b) fraud cases." Id. (citation omitted). "As a result, unless a § 10(b) plaintiff can set forth facts in the complaint showing that it is 'at least as likely as' not that the defendant acted with the relevant knowledge or intent, the claim will fail." Id. (emphasis added); see also Simpson v. AOL Time Warner Inc., 452 F.3d 1040, 1048 (9th Cir. 2006), vacated on other grounds by Simpson v. Homestore.Com, Inc., 519 F.3d 1041 (9th Cir. 2008) ("We hold that to be liable as a primary violator of § 10(b) for participation in a 'scheme to defraud,' . . . It is not enough that a transaction in which a defendant was involved had a deceptive purpose and effect; the defendant's own conduct contributing to the transaction or overall scheme must have had a deceptive purpose and effect.").

    **III.**    **Discussion**

    **A.**    **Plaintiff's 2012-2014 Investments**

    The Court finds that Plaintiff's securities fraud claim for his 2012-2014 investments in the Film is time-barred. The statute of limitations for a Section 10(b) claim is "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. §1658(b). "The two-year statute of limitations is not subject to equitable tolling." In re Juniper Networks, Inc. Sec. Litig., 542 F. Supp. 2d 1037, 1050 (N.D. Cal. 2008) (citing Durning v. Citibank, Int'l, 990 F.2d 1133, 1136-37 (9th Cir. 1993)). "The five-year outer limitations period in a § 10(b) claim serves as a statute of repose." Id. (citing Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991)). The five-year limitation acts as "a fixed, statutory cut off date, usually independent of any variable, such as claimant's awareness of a violation." Id. at n.4 (emphasis added) (quoting Munoz v. Ashcroft, 339 F.3d 950, 957 (9th Cir. 2003)). The Supreme Court has noted that "Congress' inclusion in the statute of an unqualified bar on actions instituted '5 years after such violation,' § 1658(b)(2), giving defendants total repose after five years, should diminish [their] fear" that the requirements of Section 10(b) "will give life to stale claims or subject defendants to liability for acts taken long ago." Merck & Co. v. Reynolds, 559 U.S. 633, 650 (2010).

    Here, the statute of limitations began running on the date of each new investment Plaintiff made in the Film. See In re Juniper Networks, Inc. Sec. Litig., 542 F. Supp. 2d at 1051 ("[T]he five-year period begins to run with respect to each violation when it occurs. A plaintiff may not recover for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | October 31, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

reliance on representations made prior to the five-year statute of limitation period under a theory of continuing wrong."). Because Plaintiff did not file his Complaint until August 16, 2019, all of his allegations regarding his investments in March 2012, September 2012, February 2013, March 2013, February 2014, March 2014, and April 2014 are time-barred under the five-year statute of limitations.

Plaintiff contends that "every time [Defendants] promise[d] a return and/or with[held] the truth they reset the statute with their continual lulling statements." (Compl. at 133; see also Docket No. 109 at 2 ("Congress did not intend[] to create a statute that allowed fraudsters to lull investors into inactivity until the statute of limitations had run.")). But Plaintiff's argument is unsupported by the case law. The "statute of limitations [for a Section 10(b) claim] ordinarily begins to run when an act occurs that gives rise to liability." Asdar Group v. Pillsbury, Madison, and Sutro, 99 F.3d 289, 295 (9th Cir. 1996). "Accordingly, the statute of limitations accrues as of when the violation itself occurs, not when the last violation in a series of alleged violations occur." In re Zoran Corp. Derivative Litig., 511 F. Supp. 2d 986, 1014 (N.D. Cal. 2007) (rejecting plaintiff's argument that "each new false statement revives all previous ones" as "tenuous at best"); see also Fodor v. Blakey, 2012 WL 12893986, at *11 (C.D. Cal. Dec. 31, 2012) ("[T]he statute of repose begins to run when the alleged wrongdoing first occurs, not when the 'last overt act' takes place") (citing Betz v. Trainer Wortham & Co., Inc., 829 F. Supp. 2d 860, 864 (N.D. Cal. 2011) ("[E]ach false representation may constitute a separate violation of Section 10(b), but a plaintiff may not recover for reliance on representations made prior to the [] statute of limitations period under a theory of continuing wrong.") (quotations and citation omitted)). The Court therefore rejects Plaintiff's argument that his claims are not time-barred because Defendants "lulled" him into believing he would receive a return on his investment for several years after the Film was released.

The Court therefore dismisses with prejudice Plaintiff's securities fraud claim as to all investments made from 2012 to 2014. See Veltex Corp. v. Matin, 2010 WL 3834045, at *6 (C.D. Cal. Sept. 27, 2010) (dismissing securities fraud claim with prejudice because Plaintiff did not "identify any factual allegations that could be made to make the claim timely" and "Plaintiff cannot amend to avoid the five-year statute of repose").

### B. Plaintiff's 2016 Investment

In addition, the Court finds that Plaintiff's securities fraud claim for his 2016 investment fails to state a claim upon which relief may be granted. "While it is true that pro se complaints, like Plaintiff's, are to be held to a less stringent standard than those drafted by lawyers, . . . even pro se complaints must state a claim upon which relief can be granted by the court." Apolinar v. Baum, 2008 U.S. Dist. LEXIS 113273, at *11-12 (D. Ariz. June 4, 2008) (quotations and citations omitted). "The right of self-representation is not a license excusing compliance with relevant rules of procedural and substantive law." Id. at *12 (citing Faretta v. California, 422 U.S. 806, 834 at n.46 (1975)). "[E]ven though pro se pleadings are to be liberally construed, conclusory and vague allegations will not support a cause of action." Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | | Date | October 31, 2019 |
|---|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | | |

      Plaintiff's sole allegation regarding his 2016 investment is: "My eighth investment was on July 25, 2016 in the amount of $500 to Oz Strategies towards a fund to try to take control of the two LLCs." (Compl. at ¶107.) This fails to meet the heightened pleading standard required for Section 10(b) claims because Plaintiff has not demonstrated that any of the 61 Defendants made a "material misstatement with an intent to deceive" him and induce this particular investment. Merck & Co., 559 U.S. at 649. "[T]his 'fact' of scienter 'constitut[es]' an important and necessary element of a § 10(b) 'violation.'" Id. Without it, Plaintiff has failed to state a Section 10(b) claim upon which relief may be granted. See also Sollberger v. Wachovia Securities, LLC, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("One common theme of Rule 8(a), Rule 9(b), Iqbal, Twombley, and federal securities laws on pleading is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong."). The Court therefore dismisses with leave to amend Plaintiff's securities fraud claim for his 2016 investment. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party.").

      **C.**      **Plaintiff's State Law Claims**

      Because Plaintiff's sole federal claim is dismissed, the Court declines to address the validity of his remaining state law claims until the Court's jurisdiction is established. The Court notes, however, that several of the arguments in Defendants' Motions to Dismiss appear to have merit.

      **IV.**      **Conclusion**

      The Court dismisses with prejudice Plaintiff's securities fraud claim for all 2012-2014 investments. The Court also dismisses with leave to amend Plaintiff's securities fraud claim for his single 2016 investment. The Court declines to rule on all pending Motions to Dismiss until Plaintiff establishes that this Court has subject matter jurisdiction over this action. Plaintiff shall file a First Amended Complaint, if any, no later than 14 days from the date of this Order. The failure to file a First Amended Complaint by that date may result in the dismissal of this action without prejudice. No new claims shall be added to the amended complaint without leave of the Court. Alternatively, if Plaintiff elects to not cure the pleading deficiencies of his securities fraud claim, he may file a Notice of Election to Abandon Federal Claim no later than November 14, 2014. If Plaintiff elects to not pursue his federal claim, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice. Plaintiff will then be free to pursue his state law claims in state court.

      IT IS SO ORDERED.