UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | November 26, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER

On October 31, 2019, the Court issued two orders in this case. In one Order, the Court dismissed all claims of Plaintiffs David Hegland, Dawn Hegland, Meryln Hegland, Nathan Hill, and Kyle A. Janes without prejudice. (Docket No. 121.) In the second Order, the Court dismissed Plaintiff Scott Meide's ("Plaintiff") securities fraud claim for all 2012-2014 investments with prejudice. (Docket No. 120.) The Court also dismissed Plaintiff's securities fraud claim for his 2016 investment with leave to amend. The Court ordered Plaintiff to file a First Amended Complaint, if any, no later than November 14, 2019. As of today's date, Plaintiff has not filed an amended complaint. Instead, Plaintiff filed a Motion for Reconsideration on November 25, 2019. (Docket No. 127.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied. The Court hereby dismisses Plaintiffs' securities fraud claim for his 2016 investment without prejudice for failure to file an amended complaint. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. This action is dismissed.

**I.      Motion for Reconsideration**

Plaintiff "moves this Court to reconsider its October 31, 2019 Order." (Id. at 2.) Plaintiff does not specify whether he is referring to the October 31st Order dismissing the claims of his co-plaintiffs (Docket No. 121), or the October 31st Order dismissing his securities fraud claim (Docket No. 120). Based on the arguments presented in Plaintiff's Motion, it appears that Plaintiff seeks reconsideration of the Court's Order addressing the merits of his securities fraud claim. (See Docket No. 127 at 4 (arguing that "[i]f lulling statements do nothing to stop the statute of limitations from running, then this Court should plainly so state"); id. at 5 ("This Court has quoted a plethora of case law that pre-dates Merck & Co. V. Reynolds, 559 U.S. 633 (2010)").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | November 26, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Local Rule 7-18, a motion for reconsideration may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

A motion for reconsideration cannot be used to raise arguments that were, or could have been, raised earlier in the litigation. See, e.g., Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); Parsons v. Alameda Cnty. Sheriff Dep't, No. CV 14-04674 HSG, 2016 WL 3877907, at *1 (N.D. Cal. July 18, 2016) ("A motion for reconsideration under either Rule 59(e) or Rule 60(b) is an improper vehicle for bringing new claims not previously raised."); see also L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotations and citation omitted).

Plaintiff's Motion fails to meet this standard. Plaintiff simply recycles old arguments that he already raised in his Complaint or in his October 23, 2019 Response to the Court's Order to Show Cause (Docket No. 109). For example, Plaintiff argues that defendants made "lulling statements" that stopped the statute of limitations from running on his securities fraud claim. (Docket No. 127 at 4.) But the Court has already addressed and rejected this argument. See Docket No. 120 at 4 (collecting cases that rejected the "continuing wrong" theory). Plaintiff argues the Court's citations are of "questionable validity" because the cases pre-date Merck & Co. v. Reynolds. However, Merck did not call into question the validity of the cases cited by this Court. Moreover, the facts of Merck are wholly different than the present action because Merck involved application of the two-year statute of limitations for securities fraud claims, rather than the five-year statute of limitations that applies to Plaintiffs' 2012-2014 investments. See Merck, 559 U.S. at 638 ("[N]o one doubts that [the complaint] was filed within five years of the alleged violation."). Plaintiff's argument is without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | November 26, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

In addition, Plaintiff cites to U.S. v. Brown, 771 F.3d 1149 (9th Cir. 2014) as "an excellent case demonstrating that defendants should be in prison." (Docket No. 127 at 4; see also Docket No. 105 at 4 (making same argument).) But Brown is irrelevant to the present action. Brown is a criminal case involving a ponzi scheme. Brown does not involve a section 10(b) securities fraud claim, and does not even address the 28 U.S.C. §1658 statute of limitations provisions. Plaintiff's reliance on Brown is thus misplaced.

"A motion for reconsideration may not be used to get a second bite at the apple." Garcia v. Biter, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting Campion v. Old Repub. Home Protection Co., Inc., No. 09-CV-00748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). Plaintiff's Motion is baseless. He has failed to identify any new evidence that would call into question the validity of the Court's October 31st Order. Moreover, Plaintiff has failed to identify any clear error made by the Court in rendering its decision. Regurgitation of old arguments, or even the presentation of new ones that could have easily been raised in prior briefing, is not a sufficient basis to support Plaintiff's Motion. The Court therefore denies Plaintiff's Motion for Reconsideration.

### II.    Plaintiff's Securities Fraud Claim For His 2016 Investment

The Court ordered Plaintiff to file a First Amended Complaint, if any, no later than November 14, 2019 and warned that "[t]he failure to file a First Amended Complaint by that date may result in the dismissal of this action without prejudice." (Id. at 5.) As of today's date, Plaintiff has not filed an amended complaint. The Court hereby dismisses Plaintiff's securities fraud claim for his 2016 investment without prejudice for failure to file an amended complaint.

### III.    Supplemental Jurisdiction over Remaining State Law Claims

Because Plaintiff does not allege any other federal claims in the Complaint, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. Here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. Cnty. of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (quotations and citation omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also De La Torre v. CashCall, Inc., 2019 U.S. Dist. LEXIS 18624, at *12 (N.D. Cal. Feb. 5, 2019) ("The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. . . . However, [c]omity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction.") (quotations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7171 PA (KSx) | Date | November 26, 2019 |
|---|---|---|---|
| Title | Scott Meide, et al. v. Noah Centineo, et al. | | |

For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses them without prejudice.

### Conclusion

Plaintiff's Motion for Reconsideration is denied.  The Court hereby dismisses Plaintiffs' securities fraud claim for his 2016 investment without prejudice for failure to file an amended complaint.  Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  This action is dismissed.

IT IS SO ORDERED.