NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT MEIDE; et al., | No. 19-56402 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-07171-PA-KS |
| v. | |
| NOAH CENTINEO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 31, 2022**

Before: FRIEDLAND, BENNETT and BRESS, Circuit Judges.

Scott Meide and other plaintiffs appeal pro se the district court's dismissal of their securities fraud action against sixty-one defendants. We have jurisdiction under 28 U.S.C. § 1291. *See Martinez v. Barr*, 941 F.3d 907, 915–16 (9th Cir. 2019) (premature notice of appeal directed at non-appealable order may ripen into notice

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of appeal of subsequent final decision); *De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 (9th Cir. 1998) ("The dismissal of an action, even when it is without prejudice, is a final order."). We review de novo the district court's dismissal for failure to state a claim. *Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm.

The district court properly dismissed the securities fraud claim for 2012–14 investments as barred by the five-year statute of repose set forth in 28 U.S.C. § 1658(b). *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 650 (2010) (statute of repose provides for "unqualified bar" on claims filed more than five years after alleged violation of the Securities Exchange Act).

The district court properly dismissed the securities fraud claim for a 2016 investment for failure to comply with an order to file an amended complaint pursuant to Federal Rule of Civil Procedure 41(b). *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (standard for Rule 41(b) dismissal).

This case remains administratively closed as to Aviron Capital, LLC, and Aviron Pictures, LLC. *See* Docket Entry No. 92.

**AFFIRMED.**